Mautner-Glick Corporation and L. Way Charlton, LLC, Petitioner-Landlord-Appellant, 
against
Diego Rodriguez, Respondent-Tenant-Respondent.



Landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Michelle D. Schreiber, J.), dated January 11, 2017, which denied its motion to restore the proceeding for a hearing to determine whether tenant breached the so ordered stipulation settling a holdover summary proceeding.




Per Curiam.
Order (Michelle D. Schreiber, J.), dated January 11, 2017, insofar as appealed from, reversed, with $10 costs and matter remanded for a hearing consistent herewith.
In a so-ordered stipulation settling the underlying nuisance holdover proceeding, tenant agreed to refrain from engaging in conduct similar to that alleged in the notice of termination and petition, i.e., harassing and threatening other tenants in the building, during a specified probationary period. The stipulation also provided that in the event of a breach, landlord may restore the matter to the calendar "for a hearing on the issue of whether [tenant] has engaged in such conduct," and if the court finds that a breach has occurred landlord is entitled to a judgment of possession and warrant of eviction.
Upon landlord's timely motion to restore the matter, based on an affidavit of tenant's upstairs neighbor alleging multiple recent incidents of harassing behavior by tenant, Civil Court should have set the matter down for a hearing pursuant to the terms of the stipulation. "Strict enforcement of the parties' stipulation ... is warranted based upon the principle that the parties to a civil dispute are free to chart their own litigation course" (Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]; see Trio 90 LLC v Williamson, 53 Misc 3d 149[A], 2016 NY Slip Op 51647[U] [App Term, 1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 06, 2017